Lawrence Spasojevich (LS 0945)
Imran Ansari (IA 6878)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARCEL ROBINSON,
*On behalf of Plaintiff and similarly situated individuals*,

                                                        CASE NO.

                          Plaintiff,    **COMPLAINT**

-against-

BROOKLYN BAZAAR LLC, AARON BROUDO,
and BELVY KLEIN,

                                                        ECF Case,

                        Defendant(s).

---

Plaintiff, MARCEL ROBINSON, on behalf of Plaintiff and similarly situated individuals, by and through the undersigned attorneys, Lawrence Spasojevich, Esq. and Imran Ansari, Esq., hereby files this Complaint against Defendant(s), BROOKLYN BAZAAR LLC, AARON BROUDO, and BELVY KLEIN (collectively "Defendant(s)"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and similarly situated individuals are entitled to recover from Defendant(s): (1) unpaid wages at the minimum wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff and similarly situated individuals are entitled to recover from the Defendant(s): (1) unpaid wages at the minimum wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff and similarly situated individuals' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the EASTERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff, MARCEL ROBINSON, is an adult resident of Queens County, New York.

6. Upon information and belief, Defendant, BROOKLYN BAZAAR LLC, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 214 Park Place, Apt 1, Brooklyn, New York 11238.

7. Upon information and belief, Defendant, AARON BROUDO, is an owner, officer, director and/or managing agent of Defendant, BROOKLYN BAZAAR LLC , who participated in the day-to-day operations of Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder,

29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with Defendant, BROOKLYN BAZAAR LLC.

8. Upon information and belief, Defendant, BELVY KLEIN, is an owner, officer, director and/or managing agent of Defendant, BROOKLYN BAZAAR LLC, who participated in the day-to-day operations of Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2 and the Regulations thereunder, and is jointly and severally liable with Defendant, BROOKLYN BAZAAR LLC.

9. At all relevant times, Defendant, BROOKLYN BAZAAR LLC, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff and similarly situated individuals were directly essential to the business operated by Defendant(s).

11. At all relevant times, Defendant(s) knowingly and willfully failed to pay Plaintiff and similarly situated individuals the minimum wage rate for all hours worked in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

12. The minimum wage rate in the City of New York for the year 2017 was $11.00.

13. The minimum wage rate in the City of New York for the year 2018 was $13.00.

14. The minimum wage rate in the City of New York for the year 2019 was $15.00.

15. The minimum wage rate in the City of New York for the year 2020 was $15.00.

16. The minimum wage rate in the City of New York for the year 2021 is $15.00.

17. Defendants employed Plaintiff from April 2017 through May 2019 as a bartender.

18. Upon his recall and recollection, Plaintiff worked approximately fifteen (15) to twenty-five (25) hours per week.

19. By way of example, Plaintiff worked three (3) shifts the week of April 2, 2018 totaling twenty-five (25) hours: on April 6, 2018, Plaintiff worked 7:00 p.m. to 2:00 a.m., on April 7, 2018, Plaintiff worked from 10:00 a.m. to 6:00 p.m., on April 8, 2018, Plaintiff worked 10:00 a.m. to 6:00 p.m.

20. Defendants failed to compensate Plaintiff at the minimum wage rate for any hours worked. Plaintiff's sole compensation was tips received from customers during his shifts.

21. Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff and similarly situated individuals. Instead, Plaintiff and similarly situated individuals submitted their time via email.

22. Defendant, AARON BROUDO, is an individual who, upon information and belief, owns the stock of BROOKLYN BAZAAR LLC, owns BROOKLYN BAZAAR LLC, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

23. Defendant, AARON BROUDO, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that has and has had the power to (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

24. Defendant, BELVY KLEIN, is an individual who, upon information and belief, owns the stock of BROOKLYN BAZAAR LLC, owns BROOKLYN BAZAAR LLC, and manages and

makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

25. Defendant, BELVY KLEIN, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that has and has had the power to (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

26. Plaintiff and similarly situated individuals were not correctly compensated wages at the minimum wage rate for all hours worked in a workweek.

27. Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff and similarly situated individuals wages for hours worked at the minimum wage rate in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

28. At all relevant times, upon information and belief, and during Plaintiff and similarly situated individuals' employment, the Defendant(s) failed to maintain accurate and sufficient time records.

29. Defendant(s) did not provide Plaintiff and similarly situated individuals with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay.

30. Upon information and belief, this was done to disguise the actual number of hours the Plaintiff and similarly situated individuals worked and to avoid paying at the minimum wage rate.

31. Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

32. Plaintiff and similarly situated individuals have been substantially damaged by the Defendant(s)' wrongful conduct.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34. The Plaintiff brings this FLSA Collective action on behalf of Plaintiff and all other persons similarly situated under §16(b) of the FLSA which provides, in pertinent part, "an action to recover the liability prescribed in either the preceding sentences may be maintained against any employer … by one or more individuals for and in behalf of himself or themselves and other individuals similarly situated."

35. The Collective Class consists of all current and former non-exempt, bartenders who worked for Defendant(s) who were not paid wages at the minimum wage rate.

## COUNT 1
**[Violation of the Fair Labor Standards Act]**

36. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "35" of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendant(s) employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

40. Plaintiff and similarly situated individuals were entitled to be paid for all hours worked at the minimum wage rate as provided for in the FLSA.

41. Defendant(s) failed to pay Plaintiff and similarly situated individual's compensation in the lawful amount for all hours worked at the minimum wage rate as provided for in the FLSA.

42. At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals for all hours worked at the minimum wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

43. Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals for all hours worked at the minimum wage rate when they knew or should have known such was due and that non-payment would financially injure Plaintiff and similarly situated individuals.

44. Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

45. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals are in the possession and custody of the Defendant(s). Plaintiff and similarly situated individuals intend

to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendant(s) failed to disclose or apprise Plaintiff and similarly situated individuals properly of the rights under the FLSA.

47. As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages under the FLSA.

48. Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
### [Violation of the New York Labor Laws]

49. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "48" of this Complaint as if fully set forth herein.

50. The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff and similarly situated individuals.

51. Defendant(s), under their policies and practices, refused and failed to pay the earned wage at the minimum wage rate to Plaintiff and similarly situated individuals for all hours worked.

52. By failing to compensate Plaintiff and similarly situated individuals a wage for all hours worked at the minimum wage rate, Defendant(s) violated Plaintiff and similarly situated individuals' statutory rights under the NYLL.

53. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

54. Therefore, Defendant(s) knowingly and willfully violated Plaintiff and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals compensation for all hours worked at the minimum wage rate for all hours worked.

55. Due to the Defendant(s)' NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendant(s) unpaid wages at the minimum wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and § 198.

56. Plaintiff and similarly situated individuals also seek liquidated damages under NYLL § 663(1).

## COUNT 3
### [Failure to provide a Wage Notice]

57. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

59. Defendant(s) has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

60. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

61. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day

9

that Defendant(s) failed to provide Plaintiff and similarly situated individuals with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4
### [Failure to provide Wage Statements]

62. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63. Defendant(s) has/have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

64. Through knowingly or intentionally failing to provide the Plaintiff and similarly situated individuals with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

65. Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and similarly situated individuals request that this Court grant the following relief:

(a) An award of unpaid wages at the minimum wage rate due under the FLSA;

(b) An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the minimum wage rate pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the minimum wage rate under the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the minimum wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
      January 21, 2021

Respectfully submitted

By:_____
    Lawrence Spasojevich (LS 0945)

By:_____
    Imran Ansari (IA 6878)